UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00463-SVW-ACCV | Date | March 30, 2026 |
| Title | *Yeiny Penaloza Monsalve v. Fereti Semaia et al* | | |

**Present: The Honorable**  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER DENYING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [4]

## I.  Introduction

Before the Court is an ex parte application for a temporary restraining order, filed by Petitioner Yeiny Penaloza Monsalve ("Petitioner") on February 2, 2026. ("TRO"), ECF No. 4. For the following reasons, the Court DENIES the application.

## II.  Relevant Background

Petitioner Yeiny Penaloza Monsalve ("Petitioner") is a Colombian political asylum seeker detained at the Adelanto Immigration and Customs Enforcement processing center in Adelanto, California. Petition ("Pet."), ECF No. 1 ¶¶ 1, 24. On December 5, 2023, Petitioner arrived in the United States at the Point of Entry in San Luis, Arizona with Petitioner's 9-year-old son and her son's father. TRO at 9, Petition ("Pet."), ECF No. 1 ¶ 34. Petitioner was held in custody for approximately two days before being released on her own recognizance with Immigration and Customs Enforcement ("ICE") supervision requirements. *Id*.

:

| | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00463-SVW-ACCV | | Date | March 30, 2026 |
|---|---|---|---|---|
| Title | *Yeiny Penaloza Monsalve v. Fereti Semaia et al* | | | |

Petitioner complied with the supervision requirements and, on October 23, 2024, filed an asylum application before the Executive Office for Immigration Review (the "EOIR") in Denver, Colorado. *Id.* ¶¶ 35-37. On June 4, 3035, Petitioner attended an immigration court hearing in Santa Ana, California, after which ICE re-detained Petitioner without notice. TRO at 14. After Petitioner's first four months of custody, Petitioner, on October 16, 2025, removal proceedings were reopened for Petitioner. Pet. ¶ 47. On December 9, 2025, Petitioner was granted a noticed bond hearing, where an immigration judge found Petitioner to be a flight risk and denied bond. TRO Ex. F.

On February 2, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, arguing this Court should release her because her detention is unconstitutional under the Fifth Amendment Due Process Clause. The same day, Petitioner also filed a TRO requesting this Court immediately release her from Respondents' custody and enjoin Respondents from re-detaining her absent a hearing before a neutral adjudicator on whether a change in custody is justified by clear and convincing evidence that she is a danger to the community or a fight risk or sending her to any place outside the United States. TRO at 10.

### III.    Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A [petitioner] seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* These same elements apply to Petitioner's TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.")).

"[I]f a [petitioner] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00463-SVW-ACCV | Date | March 30, 2026 |
|---|---|---|---|
| Title | *Yeiny Penaloza Monsalve v. Fereti Semaia et al* | | |

'balance of hardships tips *sharply* in the [petitioner's] favor,' and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

**IV.    Discussion**

**A.  Likelihood of Success on the Merits**

Petitioner contends that the Fifth Amendment's Due Process clause necessitates her release. The Court concludes that Petitioner has not shown a likelihood of success on the merits of that claim.

The court begins with a fundamental premise: "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are 'treated' for due process purposes 'as if stopped at the border.'" *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139 (2020).

That premise flows from the entry fiction doctrine. Under that doctrine, although "aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country." *Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1450 (9th Cir. 1995) (quotations omitted), *superseded by statute on other grounds as stated in Rodriguez v. Robbins*, 715 F.3d 1127, 1140-41 (9th Cir. 2013) (describing statutory amendments following *Barrera-Echavarria* but noting that its discussion of entry fiction doctrine still applies); see also *Thuraissigiam*, 591 U.S. at 138-40 (describing and applying entry fiction doctrine, under which "the alien is on U. S. soil, but the alien is not considered to have entered the country" in the eyes of the law); *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1097 (9th Cir. 2004) (explaining alien who is physically present but has not been lawfully admitted into the country is "legally considered to be detained at the border and hence as never having effected entry into this country").

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00463-SVW-ACCV | Date | March 30, 2026 |
|---|---|---|---|

| Title | *Yeiny Penaloza Monsalve v. Fereti Semaia et al* |
|---|---|

An alien subject to the entry fiction doctrine has limited due process rights. *Thuraissigiam* explained that, for aliens who have never been admitted, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law." 591 U.S. at 138 (quotations omitted). In other words, such aliens have "only those rights regarding admission that Congress has provided by statute." *Id*. at 140; see *Angov v. Lynch*, 788 F.3d 893, 898, n.3 (9th Cir. 2015) (explaining that, for noncitizen who "never technically entered the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be," and rejecting petitioner's argument that he was entitled to "due process protections that go beyond those which Congress has provided him" (cleaned up)); *see also Grigoryan v. Barr*, 959 F.3d 1233, 1235, 1241 (9th Cir. 2020) (distinguishing between asylum applicant and asylum grantee, and explaining that because an asylum applicant "had not technically entered the United States," the only inquiry is "whether the government violated the statutory rights that Congress afforded such applicants" (quotations omitted)).

Petitioner here was never admitted into the United States. Though Petitioner was paroled into the United States, that does not constitute "entry" or "admission" for purposes of the law. See *Thuraissigiam*, 591 U.S. at 139 (explaining that entry fiction doctrine applies even to "those paroled elsewhere into the country for years pending removal").

Indeed, courts distinguish between aliens who have been legally admitted or granted lawful entry, and aliens who have been paroled or granted mere lawful status. The Supreme Court long ago held that a noncitizen paroled into the country pending an admissibility determination had not "entered" the United States in the eyes of the law. *See Leng May Ma v. Barber*, 357 U.S. 185, 188-90 (1958). More recently, in *Sanchez v. Mayorkas*, the Supreme Court held that "temporary protected status" ("TPS") under 8 U.S.C. § 1254(a) was not "admission" to the United States, and the Court distinguished "lawful status" from the "lawful entry" required for admission. *See* 593 U.S. 409, 411, 415-16 (2021). The Ninth Circuit applied that reasoning in *Hernandez v. Garland*, which overruled prior Ninth Circuit precedent holding that TPS constituted admission. *See* 47 F.4th 908, 914 (9th Cir. 2022). And most recently, in *Murillo-Chavez v. Bondi*, the Ninth Circuit held that an alien was not "admitted" when he was granted parole. *See* 128 F.4th 1076, 1085-1086 (9th Cir. 2025). Other circuits are in accord. *See Azumah v. United States Citizenship*

:

_____   _____

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00463-SVW-ACCV | | Date | March 30, 2026 |
|---|---|---|---|---|
| Title | *Yeiny Penaloza Monsalve v. Fereti Semaia et al* | | | |

*and Immigration Services*, 107 F.4th 272, 274 (4th Cir. 2024) ("[P]arole does not constitute an 'admission' under the INA."); *Chi Thon Ngo v. INS.*, 192 F.3d 390, 392 n.l (3d Cir. 1999) (explaining that, "[i]n the context of an alien's initial entry, [parole] amounts to permission by the Attorney General for ingress into the country but is not a formal admission," and "[w]hen parole is revoked, the alien reverts to the status of an applicant for admission" (quotations omitted)).

These cases firmly establish that Petitioner has not "entered" or been "admitted" into the country. Petitioner therefore has only those due process rights that Congress has afforded by statute. *See Thuraissigiam*, 591 U.S. at 138; *Angov*, 788 F.3d 893, 898, n.3.

In other words, the due process inquiry here boils down to two questions: (1) what procedure, if any, does Congress require Respondents to follow before terminating Petitioner's parole and detaining her; and (2) did Respondents follow that procedure here?

The Court concludes that Respondents did not violate Petitioner's due process rights. The government has discretionary authority to grant parole, *see* 8 U.S.C. § 1182(d)(5)(A), and to terminate parole, *see Hassan v. Chertoff*, 593 F.3d 785, 788-90 (9th Cir.2010) (per curiam). The government asserts that it holds Petitioner in custody under the authority of 8 U.S.C. § 1226(a). Opp. at 8. The Court disagrees and concludes that once Respondent terminated Petitioner's parole, Petitioner was in the position of an applicant for admission under 8 U.S.C. § 1225. *See* 8 U.S.C. § 1225(a)(l) ("applicant for admission" includes "[a]n alien present in the United States who has not been admitted"); *see also Chi Thon Ngo*, 192 F.3d at 392 n.1 ("When parole is revoked, the alien reverts to the status of an applicant for admission ...."). As this Court has explained elsewhere, applicants for admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a). *See Altamirano Ramos v. Lyons*, - F.Supp.3d-, 2025 WL 3199872, at *4-*5 (C.D. Cal. 2025). Regardless, neither § 1225 nor § 1226 contemplate a pre-detention hearing. In any case, the government provided Petitioner with an individualized custody redetermination hearing, where an immigration judge decided to hold her in custody because she was deemed a flight risk. Surely, this is more than sufficient process under the circumstances. The proper course for Petitioner to challenge that order is through the standard appeals process.

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00463-SVW-ACCV | Date | March 30, 2026 |
|----------|------------------------|------|----------------|

| Title | *Yeiny Penaloza Monsalve v. Fereti Semaia et al* |
|-------|---------------------------------------------------|

Because Petitioner has not shown a likelihood of success or serious question on the merits, the court need not address the remaining *Winter* factors.

### V.    Conclusion

For the foregoing reasons, Petitioner's ex parte application for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

:

Initials of Preparer    DTA