# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| YEINY PENALOZA MONSALVE,<br><br>        Petitioner,<br><br>   v.<br><br>FERETI SEMAIA, *et al.*,<br><br>        Respondents. | Case No. 5:26-cv-00463-SVW-ACCV<br><br>**ORDER DENYING HABEAS PETITION** |

## I.

Petitioner Yeiny Penaloza Monsalve ("Petitioner") is a citizen and national of Colombia who entered the United States on December 5, 2023, was subsequently released on her own recognizance with Immigration and Customs Enforcement ("ICE") supervision requirements, and then detained by ICE on June 4, 2025.  In December 2025, Petitioner was given a *Rodriguez* bond hearing at which the Government had to establish by clear and convincing evidence that Petitioner's continued detention was warranted pending her removal proceedings.[1]

---

[1] Named after the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), which has an extensive history that need not be recounted here, a *Rodriguez* bond hearing is a periodic custody redetermination proceeding—

(Dkt. Nos. 13, Answer at 2; 15, Reply at 6.)  The immigration judge at that hearing denied bond on the grounds that Petitioner was a flight risk.  (Dkt. No. 13, Answer at 2.)

Petitioner filed her Petition for Writ of Habeas Corpus ("Petition") on February 2, 2026.  (Dkt. No. 1, Pet.)  Petitioner claims that her detention violates Fifth Amendment due process protections, and Petitioner seeks release from ICE custody under 28 U.S.C. § 2241.  (*Id.* at 12-25.)  The same day, Petitioner filed an ex parte application for a temporary restraining order ("TRO") compelling the Government to release her, which is the same ultimate relief she seeks in her § 2241 petition.  (Dkt. No. 4, TRO at 10.)  Following an order requiring briefing on the TRO, Respondents filed their opposition, and Petitioner filed a reply in support of the TRO.  (Dkt. Nos. 6, 8, 9.)  On March 30, 2026, in a fully reasoned order, the Court denied Petitioner's TRO application.  (Dkt. No. 10, TRO Order.)

The Petition is now ready for final disposition and must be denied for the same reasons as those detailed in the Court's March 30, 2026 TRO Order.

**II.**

In the TRO Order, as relevant here, the Court found that Petitioner—despite being released on her own recognizance into the country—is still an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and thus subject to mandatory detention under that statute.  Because those subject to mandatory detention are, by definition, not statutorily entitled to bond hearings, the Court rejected Petitioner's arguments that she was entitled to release under the Fifth Amendment's Due Process Clause.  *See also Altamirano Ramos v. Lyons*, 809 F. Supp. 3d 1015, 1026 (C.D. Cal. 2025).

---

required in the Central District of California (for reasons not pertinent here)—where the government must show at six-month intervals that a detainee's continued detention pending removal proceedings is justified by clear and convincing evidence of flight risk or danger to the community.

These legal conclusions dispose of the Petition just as they disposed of the TRO application.  Under the Ninth Circuit's equitable "law of the case" doctrine, "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."  *Old Pers. v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (citing *Richardson v. United States,* 841 F.2d 993, 996 (9th Cir. 1988)).  Although rulings made as part of a TRO or preliminary injunction are not necessarily law of the case before final judgment, "conclusions on pure issues of law" even at that early phase of proceedings are typically "binding" through judgment (absent exceptions not shown to be applicable in this case).  *See Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007); *see also Gonzalez v. Arizona,* 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc); *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1076 n.5 (9th Cir. 2015); *Hueso v. Select Portfolio Servicing, Inc.*, 527 F. Supp. 3d 1210, 1227 (S.D. Cal. 2021).

So it is here.  When denying Petitioner's TRO application, the Court concluded on the particulars of her case that nothing in the Fifth Amendment provides Petitioner a legal avenue for release under § 2241 based on her June 2025 detention by ICE.  Because those claimed legal grounds for release are the same as the ones raised in her § 2241 petition, the same outcome must follow through the law of this case.

## III.

Therefore, the Court denies the petition under 28 U.S.C. § 2241.  Judgment dismissing this habeas action will be entered accordingly.

DATED: June 1, 2026

_____
HON. STEPHEN V. WILSON
United States District Judge

3